## CHANGE of PLEA AGREEMENT

**UNITED STATES OF AMERICA**                    Docket No: **6:21-mj-00008-HBK**

v.

**CHRISTOPHER P. CARTER**

This agreement is entered into this __13th__ day of __JULY__, 2021, by and between the United States of America through its lawful representative, the Defendant and counsel for the Defendant. The terms of this Written Plea Agreement are as follows:

In exchange for the Defendant's plea of guilty to:

> **Count 1:** Operate a motor vehicle while under the influence of alcohol to a degree that rendered him incapable of safe operation in violation of Title 36 Code of Federal Regulations § 4.23(a)(1)
> **Maximum penalty: 6 months imprisonment and/or $5,000 fine**

> **Count 2:** Operating or being in actual physical control of a motor vehicle is prohibited while:   The alcohol concentration in the operator's blood or breath is 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath. In violation of Title 36 Code of Federal Regulations § 4.23(a)(2)
> **Maximum penalty: 6 months imprisonment and/or $5,000 fine**

> **Count 3:** Fail to comply with the directions of a traffic control device in violation of Title 36 Code of Federal Regulations § 4.12
> **Maximum penalty: 6 months imprisonment and/or $5,000 fine**

### RECOMMENDATIONS by GOVERNMENT

The United States will move to dismiss:

> **Count 4:** Speeding in violation of Title 36 Code of Federal Regulations § 4.21(c)
> **Maximum penalty: 6 months imprisonment and/or $5,000 fine**

> **Count 5:** Operate a motor vehicle off of the designated roadway in violation of Title 36 Code of Federal Regulations § 4.10
> **Maximum penalty: 6 months imprisonment and/or $5,000 fine**

U.S. v. CARTER
Change of Plea Agreement

**Count 6:** Violating a closure, designation, use or activity restriction or condition, schedule of visiting hours, or public use limit in violation of Title 36 Code of Federal Regulations § 1.5(f)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

**Count 7:** Driving recklessly upon a highway in willful or wanton disregard for the safety of persons or property where alcohol was a factor in violation of Title 36 Code of Federal Regulations § 4.2; and California Vehicle Code § 23103, pursuant to California Vehicle Code § 23013.5(a)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

## PROBATION

____X____ The Defendant shall be placed on Unsupervised Probation for a period of _24_ months under standard terms.

____X____ The Defendant shall obey all laws, local, state and federal.

____X____ The Defendant shall report to the Law Enforcement Officer for post arraignment booking and processing.

____X____ The Defendant shall advise the Court and Government Officer through counsel, if represented, within seven days of being cited or arrested for any alleged violation of law.

____X____ The Defendant shall not operate a motor vehicle with any detectable amount of alcohol in Defendant's system.

____X____ The Defendant shall not refuse to or fail to complete a chemical test to determine blood alcohol content, if requested by a Law Enforcement Officer.

____X____ The Defendant shall attend and complete a California Department of Motor Vehicle program for __1st Time DUI Offenders_____.

____X____ Within __12__ months of the date of this plea agreement, the Defendant shall perform _20_ hours of community service at a non-profit organization and file sworn proof of completion to the Court and Government Officer through counsel, if represented.

## FINE PAYMENT

The Defendant shall pay a fine as follows:

Count __1__ a fine of $ 990_ plus a $ 10_ Statutory Assessment, total of $ 1,000____

U.S. v. CARTER
Change of Plea Agreement

   X     Pay fine in full   within first 18 months of unsupervised probation

Count   2   a fine of $ 990  plus a $ 10  Statutory Assessment, total of $ 1,000

   X     Pay fine in full   within first 18 months of unsupervised probation

Count   3    a fine of $ 240  plus a $ 10  Statutory Assessment, total of $ 250

   X     Pay fine in full   within first 18 months of unsupervised probation

## SPECIAL CONDITIONS

   X   Defendant will have an Interlock or similar device installed in his vehicle for the
duration of probation.

## STATEMENT of PROBABLE CAUSE

  CC  (*Initial*) The Defendant will stipulate to the factual basis in the charging document(s)
for the offense(s) to which he is pleading guilty.

  CC  (*Initial*) The Defendant admits that he is guilty of the essential elements of the
offense(s) to which he is pleading guilty and that those acts did in fact occur.

## PRIOR CRIMINAL HISTORY

  CC  (*Initial*) The Defendant understands that the Court will be notified of his prior criminal
history:

**NONE**

## ACKNOWLEDGMENTS and WAIVER of RIGHTS by DEFENDANT

  CC  (*Initial*) The Defendant has read the charges against him and fully understands the
nature and elements of the crime(s) to which he is pleading guilty, together with the
possible defenses thereto.

U.S. v. CARTER
Change of Plea Agreement

____cc____ (*Initial*) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

____cc____ (*Initial*) The Defendant acknowledges that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

____cc____ (*Initial*) Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

____cc____ (*Initial*) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of Defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and Defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

____cc____ (*Initial*) Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial would be a trial by a judge sitting without a jury. Defendant does not have a right to a trial by jury.

(b) At trial, the judge would find the facts, would presume that the Defendant is innocent of the charges and, after hearing all the evidence, must be persuaded of the Defendant's guilt beyond a reasonable doubt.

(c) At a trial, the government would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant

U.S. v. CARTER
Change of Plea Agreement

could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(d) At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify. Defendant understands that by pleading guilty he is waiving all of the rights set forth above and understands the consequences of his waiver of those rights.

____CC____ (*Initial*) The Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charge previously dismissed).

____CC____ (*Initial*) Deportation Consequences**:** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under Federal law, crimes involving controlled substances, firearms, aggravated felonies, or moral turpitude are deportable offenses; and the defendant's plea to any such crime may subject him to automatic deportation and removal from the United States. *See* 8 U.S.C. § 1227(a)(2) et seq. Defendant affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States.

____CC____ (*Initial*) Defendant understand that if he is not a United States citizen, he has a right to have an attorney for the government or a federal law enforcement official notify a consular officer from his country of nationality that he has been arrested, and he hereby waives that right.

U.S. v. CARTER
Change of Plea Agreement

_____CC_____(***Initial***) Pursuant to F.R. Crim. P. 43(b)(2) and (3), the Defendant hereby waives his right to be personally present in open court, upon the entering of his plea and sentencing.

The Defendant hereby advises the court that he has read the foregoing Written Plea Agreement and fully understands the contents of this Agreement. Defendant has had adequate opportunity to discuss the foregoing Written Plea Agreement with his counsel and desires to enter into said agreement.

Signed: _____     Dated: __**7/8/2021**__
Defendant, Christopher P. Carter

Signed: _____     Dated: __**7/8/2021**__
Counsel for Defendant, Kristen M. Hart

Signed: _____     Dated: _7/8/2021____
Counsel for Government, Sean O. Anderson

U.S. v. CARTER
Change of Plea Agreement